DIXILYN DRILLING CORP. *v.* CRESCENT TOW-
ING & SALVAGE CO.

No. 297.   Argued March 21, 1963.—Decided April 15, 1963.

*E. D. Vickery* argued the cause for petitioner.   With
her on the briefs was *Wilbur H. Hecht.*

*Charles Kohlmeyer, Jr.* argued the cause for respondent.
With him on the brief was *George B. Matthews.*

PER CURIAM.

Respondent Crescent Towing Company contracted with
petitioner Dixilyn Drilling Corporation to tow Dixilyn's
barge *Julie Ann* down the Mississippi River.   While being
towed, the barge collided with a bridge, and the bridge
owners filed a libel in the United States District Court
claiming damages from the tower and the barge owner.
These two jointly paid the claim but continued to liti-
gate, as between themselves, the question of which was
liable.   The district judge after a full trial found that
the collision and the resulting damage were due solely to
the negligence of the tower.   He also rejected the tower's
argument that regardless of which was negligent the
barge owner should pay the damages because it had con-
tracted to assume liability for all damages arising out of
the towage including "any damage claims urged by third
parties."   The judge held that the barge owner had not
agreed to assume liability for damages caused by the
tower's own negligence.   On review the Court of Appeals

held that it need not decide the "extremely difficult" factual question of who was negligent because, in the court's view, the barge owner had agreed in the towage contract to assume liability for all losses arising out of the towage, including those caused by the tower's negligence. Holding such a contract to be valid, the Court of Appeals reversed the District Court's judgment.

In treating as valid a contract which exempts the tower from liability for its own negligence, the Court of Appeals' holding is squarely in conflict with our holding in *Bisso* v. *Inland Waterways Corp.,* 349 U. S. 85 (1955), and *Boston Metals Co.* v. *The Winding Gulf,* 349 U. S. 122 (1955). The Court of Appeals thought that the present case was distinguishable because the peculiar hazards of towage and other factors brought it within the ambit of *Southwestern Sugar & Molasses Co.* v. *River Terminals Corp.,* 360 U. S. 411 (1959). But *Southwestern Sugar* is not applicable here, for in that case the Court merely preferred to give the Interstate Commerce Commission an opportunity to rule on an exculpatory clause which was part of a tariff filed with the Commission. We adhere to the rule laid down in *Bisso* and *Winding Gulf* and hold that the Court of Appeals was in error in failing to follow it. The judgment is reversed and the cause remanded to that court to consider other questions.

*Reversed and remanded.*

MR. JUSTICE HARLAN, concurring.

While I would prefer to see *Bisso* reconsidered, believing, with deference, that it was wrongly decided, I nevertheless join the opinion of the Court. Certainty in the law governing commercial transactions of this kind is an overriding consideration which would not be promoted by opening the *Bisso* rule to indeterminate exceptions in instances where, unlike *Southwestern Sugar,* no functions of a regulatory agency are involved.