CRESCENT TOWING & SALVAGE COMPANY, Appellant,

v.

DIXILYN DRILLING CORPORATION, Appellee.

No. 19148.

United States Court of Appeals Fifth Circuit.

March 30, 1964.

B. H. Quin, Vicksburg, Miss., Charles Kohlmeyer, Jr., New Orleans, La. (Lemle & Kelleher, New Orleans, La., Brunini, Everett, Grantham & Quin, Vicksburg, Miss., on the brief), for Crescent Towing & Salvage Co., Inc.

E. D. Vickery, Houston, Tex. (Royston, Rayzor & Cook, Houston, Tex., on the brief), for appellee Dixilyn Drilling Corp.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

The facts of this case have been sufficiently stated in the opinion of the district court reported as Mississippi Highway Commission v. Dixilyn Drilling Corporation, et al., S.D. Miss., 1960, 198 F. Supp. 788, in the opinion of this Court, Crescent Towing & Salvage Company v. Dixilyn Drilling Corporation, 5 Cir., 1962, 303 F.2d 237, and in the opinion of the Supreme Court, Dixilyn Drilling Corporation v. Crescent Towing & Salvage Co., 1963, 372 U.S. 697, 83 S.Ct. 967, 10 L.Ed.2d 78.

The district court held that the barge owner, Dixilyn, had not agreed to assume liability for damages caused by negligence of the tower, Crescent. It held that the collision and the resulting damages were due solely to the negligence of Crescent and entered judgment against Crescent for the full amount of the dam-

ages. This Court, on original submission, did not decide the "extremely difficult" factual question of who was negligent but held that the towage contract exempted Crescent from liability for its own negligence and that that contract was valid. The Supreme Court reversed, holding that this Court erred in treating as valid a contract which exempts the tower from liability for its own negligence. This Court then undertook again to read and study the four-volume record and the original exhibits in connection with the opinion of the district court and the briefs and arguments of counsel, and in 324 F.2d 272, dated October 25, 1963, reached the conclusion that the district court's findings of fact were clearly erroneous and that the collision and the resulting damages were due solely to the negligence of Dixilyn.

On petition for rehearing the proctor for Dixilyn suggested that oral argument would be particularly appropriate in this case in view of the long lapse of time between the initial argument on January 8, 1962, and the time when the matter returned to this Court's attention following the decision of the Supreme Court of the United States on April 15, 1963, and due to the further fact that upon the initial oral argument this Court was primarily concerned with the contract questions in the case and there was little argument with respect to the facts. This Court agreed and accepted additional briefs and heard oral argument on the petition for rehearing on March 3, 1964. We are now satisfied that when due regard is given to the opportunity of the district court to judge of the credibility of the witnesses, its findings of fact should not be set aside as clearly erroneous.[1]

The petition for rehearing is therefore granted. The opinion and judgment of this Court rendered on October 25, 1963 are set aside and withdrawn, and the judgment of the district court is affirmed.

---

[1]. McAllister v. United States, 1954, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20; C. J. Dick Towing Co. v. The Leo, 5 Cir., 1953, 202 F.2d 850, 854.