**A. L. MECHLING BARGE LINES, INC.,** Appellant,

v.

**DERBY COMPANY, Ltd., Appellee.**

No. 24329.

United States Court of Appeals
Fifth Circuit.
Aug. 5, 1968.

J. Y. Gilmore, Jr., Faris, Ellis, Cutrone, Gilmore & Lautenschlaeger, New Orleans, La., for A. L. Mechling Barge Lines, Inc.

William S. Stone, Deutsch, Kerrigan & Stiles, New Orleans, La., for Derby Company, Ltd.; René S. Paysse, New Orleans, La., of counsel.

Before JONES, WISDOM and DYER, Circuit Judges.

PER CURIAM:

We agree with the holding below and adopt the district court's opinion ("findings of fact and conclusions of law") as the opinion of this Court. See 258 F.Supp. 206 (1966). We consider that Bisso v. Inland Waterways Corp., 1955, 349 U.S. 85, 75 S.Ct. 629, 99 L.Ed. 911 and Dixilyn Drilling Corp. v. Crescent Towing & Salvage Co., 1963, 372 U.S. 697, 83 S.Ct. 967, 10 L.Ed.2d 78, are relevant, if not necessarily controlling. We recognize the difference between negligence and unseaworthiness and between a private carrier and a common carrier. But we are dealing here with the *construction* of an exculpatory clause. Even if *Bisso* and *Dixilyn* were distinguishable, we would feel compelled to say that, absent plainly unambiguous language, a general exculpatory clause cannot be construed to mean that it relieves a shipowner of the obligation of furnishing a seaworthy vessel.

The judgment is affirmed.