404 F.2d 1227
 CALCASIEU CHEMICAL CORPORATION, a corporation, and Sears,
Roebuck & Company, a corporation, Plaintiffs-Appellants,
v.
CANAL BARGE COMPANY, Inc., a corporation, the BARGE NBC 924,
its tackle, apparel, etc., and the M/V REBAJANE,
her engines, tackle, apparel, etc.,
Defendants-Appellees.
 No. 16899.
 United States Court of Appeals Seventh Circuit.
 Jan. 3, 1969, Rehearing Denied Jan. 23, 1969.
 
 William K. Johnson, Warren C. Ingersoll, John E. Corkery, Chicago, Ill., for plaintiffs-appellants; Lord, Bissell & Brook, Chicago, Ill., of counsel.
 Harvey Wienke, Robert D. Barnes, Chicago, Ill., for defendants-appellees; McBride, Baker, Wienke & Schlosser, Chicago, Ill., of counsel.
 Before CASTLE, Chief Judge, and SWYGERT and CUMMINGS, Circuit Judges.
 CASTLE, Chief Judge.
 
 
 1
 On July 6, 1966, plaintiff, Sears, Roebuck and Company (Sears), entered into a charter party or contract of affreightment with defendant, Canal Barge Company, Inc., (Canal), for the transportation by barge of a quantity of ethylene glycol (antifreeze) from Lake Charles, Louisiana, to Berwyn, Illinois. Canal picked up the cargo from plaintiff, Calcasieu Chemical Corporation, which had sold it to Sears, and transported it to the prescribed destination. Upon arrival at Berwyn, the portion of the cargo carried in one compartment of the barge was found to have been contaminated by 16% Water, allegedly due to a negligently leaky cement patch in the barge's hull.
 
 
 2
 Plaintiffs brought this admiralty action to recover damages arising out of the cargo's contamination. After answering, Canal moved for and was granted summary judgment on the ground that the charter had been breached by Sears, in that the latter had failed to obtain insurance for the joint account of itself and Canal on the cargo, as the charter required. In plaintiffs' words, 'This appeal is taken to reverse the court's order granting that judgment on the ground, inter alia, that a genuine issue of material fact remain to be tried.'
 
 
 3
 One of the printed clauses in the charter provided:
 
 
 4
 'Neither the tug, tow, master nor owner shall be liable for any loss of, or damage to, or delay in the delivery thereof, however, arising or resulting, even if caused by negligence or unseaworthiness. Deviation by the owner shall not be a breach of this contract. Insurance against all risks shall be carried by the Charterer on the cargo, and on any craft of Charterer, for the Owner's and Charterer's joint account. No underwriter on cargo or on Charterer's craft shall have any claim, by subrogation, loan receipt or otherwise, against the tug, tow, master or Owner, for any loss paid, regardless of the nature or circumstances thereof, and Charterer's policies on cargo and on Charterer's craft shall be claused accordingly.'
 
 
 5
 A further, typewritten clause appearing in the charter provides:
 
 
 6
 'Special Conditions
 
 
 7
 'Barge is to be tendered suitable to load ethylene glycol. Any cleaning at Owner's expense. All inspection fees for account of the Charterer.'
 
 
 8
 Plaintiffs' main contention is that the above clause constitutes an express warranty of seaworthiness, a condition precedent, which was not met. At least, plaintiffs claim, the meaning of the clause is ambiguous and requires for its interpretation a finding of the parties' intent. Therefore, plaintiffs argue, a question of material fact is presented-- namely, the intent of the parties-- and summary judgment was improper.
 
 
 9
 Defendants, on the other hand, contend that the special condition was clearly intended by the parties to have the limited application of obligating Canal to tender barges whose tanks were sufficiently clean to be suitable to load the cargo, and to pay for all cleaning expenses. Moreover, defendants argue that regardless of the meaning of this provision, the clause requiring Sears to acquire insurance for the joint account of Sears and Canal was unquestionably breached by Sears' ontaining insurance solely for its own account, and therefore as a matter of law, plaintiffs are precluded from recovery.
 
 
 10
 We believe the District Court properly granted defendants' motion for summary judgment on the basis of Sears' breach of the insurance clause. Since there is no doubt as to the intention of the parties in agreeing to that clause, there was no issue of material fact presented, the resolution of which could have changed the outcome of the litigation.
 
 
 11
 Regarding the 'Special Conditions' clause relied upon by plaintiffs, we fail to see how the breach of that clause by Canal, if in fact such a breach occurred, would affect the holding rendered below. Even if there is an ambiguity which raised a question of fact, and even if that question could be resolved in favor of plaintiffs-- i.e., that Canal breached on obligation to tender a seaworthy craft-- plaintiffs are still precluded from recovery as a matter of law since it was Sears' obligation to insure both itself and Canal against all loss and Sears failed to meet that obligation. As the lower court concluded, 'It is clear that had Sears obtaied insurance surance on behalf of itself and Canal covering any Cargo damage, as required by the Charter Party, none of the parties to the instant controversy would have borne the loss of the damaged cargo.' Thus, it was Sears' own breach of the charter which occasioned its loss, and it is therefore precluded from recovering that loss from defendant. To hold defendants responsible would be manifestly unfair since Canal 'might (itself) have insured against the loss, even though occasioned by (its) own negligence.' Luckenbach v. W.J. McCahan Sugar Co., 248 U.S. 139, 146, 39 S.Ct. 53, 54, 63 L.Ed. 170 (1918).
 
 
 12
 The case of T.N. No. 73, 1939 A.M.C. 673 (S.D.N.Y.1939), cited by defendants, is factually quite similar to the instant case. The shipper in that case also breached a contract requirement to insure the cargo for the account of the carrier, but contended that since the contract contained an express warranty of seaworthiness, the insurance clause was not intended to cover losses due to unseaworthiness. In holding that the carrier was not liable to the shipper for the value of the cargo, allegedly lost due to the unseaworthiness of the carrier's craft, Judge Leibell issued a thorough, well-reasoned opinion. The following language of that opinion, of which we approve, is particularly appropriate to the instant case:
 
 
 13
 'In the case at bar * * * the claimant (shipper) was under an obligation to the petitioner (carrier) to take out insurance on the cargo. This was not a mere 'benefit of insurance' clause. Claimant was contractually obligated to effect insurance for the account of the petitioner. This was part of the consideration moving from the claimant and, in all likelihood, it had an effect on the freight rate.
 
 
 14
 '* * * The contract provision as to insurance in this case is stronger and affords greater protection to the barge owner than the ordinary benefit of insurance clause.
 
 
 15
 'Claimant argues that the result of this interpretation of the insurance clause would be to nullify the express warranty of seaworthiness contained in the same contract of carriage. I do not see it that way. If the charterer, the claimant herein, had lived up to its obligations under the insurance clause, it would not thereby lose the benefit of the personal warranty of seaworthiness. That warranty would still be in effect and in the event of a loss to the cargo, resulting from the unseaworthiness of the barge, claimant could hold both the petitioner and the barge. See (Luckenbach v. (W.J.) McCahan Sugar Refining Co., 248 U.S. 139 (39 S.Ct. 53) (1918); Pendleton v. Benner Line, 246 U.S. 353 (38 S.Ct. 330, 62 L.Ed. 770) (1918)).
 
 
 16
 'There is another aspect to this issue that should not be over-looked. To add by implication to the broad and general language of the insurance clause, an exception of losses resulting from the unseaworthiness of the barge, would leave the barge owner without insurance that he otherwise might have obtained, a result that would be manifestly unfair. The barge owner had the right to assume that the insurance clause in the contract of carriage meant just what it said, without any implied exceptions. The cargo owner (claimant) has only itself to blame if it failed in its obligation to effect insurance for the account of the barge owner (petitioner).
 
 
 17
 'As we have seen, the (carrier) could have taken out insurance on its own account which would cover cargo losses due to unseaworthiness. In fact, having warranted the seaworthiness of the barges to the claimant, it would seem that insurance covering such a contingency would be the kind most desired by the petitioner. I am of the opinion the aforementioned insurance clause of the contract of carriage was intended to cover any losses the carrier (petitioner) could have insured against, including cargo losses due to unseaworthiness. Since claimant (or its predecessor) contracted to obtain such insurance and did not do so, I am of the opinion that petitioner should be granted exoneration from liability.' 1939 A.M.C. at 689-691.
 
 
 18
 While we are aware that a 1939 District Court decision from another circuit is not binding upon this Court, we believe the above holdings are a correct view of the law as applied to an almost identical factual situation as the instant case. Moreover, plaintiffs have cited no cases differing with T.N. No. 73, nor can we discover any.[1]
 
 
 19
 Since the foregoing discussion disposes of the case, we find plaintiffs' other contentions to be irrelevant. We therefore deem it unnecessary in this opinion to discuss the same. In addition, since the validity of the insurance clause was not challenged in the District Court, we will not consider this issue for the first time on appeal. Minneapolis, St. P. & S.S.M.R. Co. v. City of Fond Du Lac, 297 F.2d 583, 587, 93 A.L.R.2d 1378 (7th Cir. 1961); United States v. County of Iowa, 295 F.2d 257, 259 (7th Cir. 1961).
 
 
 20
 The judgment below is, therefore, affirmed.
 
 
 21
 Affirmed.
 
 
 
 [1]
 T.N. No. 73 was affirmed on different grounds-- burden of proof-- by the Court of Appeals, sub nom., Commercial Molasses Corp. v. New York Tank Barge Corp., 114 F.2d 248 (2nd Cir. 1940), and by the Supreme Court, 314 U.S. 104, 62 S.Ct. 156, 86 L.Ed. 89 (1941). Neither reviewing court found it necessary to discuss the insurance clause and its effects. The District Court opinion in T.N. No. 73 was cited with approval in Hercules Powder Co. v. Commercial Transport Corp., 270 F.Supp. 676, 681 (N.D.Ill., E.D.1967)