**SLADE, INC.**

v.

**SAMSON TOWING COMPANY**

v.

**TENNECO OIL COMPANY.**

Civ. A. No. 5883.

United States District Court,
E. D. Texas,
Beaumont Division.

Jan. 16, 1970.

Louis H. Beard, Beaumont, Tex., for plaintiff.

Joseph Newton, Houston, Tex., for defendant.

W. Garney Griggs, Houston, Tex., for intervenor.

ORDER

JUSTICE, District Judge.

This day came on to be considered opposing motions for interlocutory judgment of defendant Samson Towing Company and intervenor Tenneco Oil Company. The court has previously entered its findings of fact and conclusions of law holding that the collision herein was due to mutual faults of the Tug ANNA G and the Tug SLADE BROWN. The issue now before the court on these motions is whether the failure of Tenneco to obtain liability insurance, as required by its charter party with Samson Towing Company, prevents it from recovering its losses from the latter.

 In Bisso v. Inland Waterways Corp., 349 U.S. 85, 75 S.Ct. 629, 99 L. Ed. 911 (1955) the Supreme Court held invalid contracts releasing towers from all liability for their own negligence. This result was reaffirmed in Dixilyn Drilling Corp. v. Crescent Towing & Salvage Company, 372 U.S. 697, 83 S.Ct. 967, 10 L.Ed.2d 78 (1963). The contract now in issue, however, in no way purports to release the tower from liability for his own negligence. It merely provides that the cost of insurance against such negligence shall be borne by the charterer, Tenneco. The result may be the same as a release of liability, but in the absence of a showing of "monopolistic compulsion" to induce the charterer to accept this term in the contract, Bisso v. Inland Waterways Corp., 349 U.S. at 91, 75 S.Ct. 629, it would appear that there is no overriding public policy consideration to prevent its enforcement. Alcoa Steamship Company v. Charles Ferran & Co., 383 F.2d 46 (5th Cir. 1967), cert. denied 393 U.S. 836, 89 S.Ct. 111, 21 L.Ed.2d 107 (1968). The cost of insurance would appear to be simply an element of normal contract negotiations, and the allocation of this cost to either party should be binding on that party. Having breached its contractual obligation to Samson Towing to obtain insurance against the losses it has alleged as a result of this collision, Tenneco may not recover from the defendant any loss which would have been covered by such insurance. Compare, Calcasieu Chemical Corp. v. Canal Barge Co., 404 F.2d 1227 (7th Cir. 1969). Accordingly it is

Ordered that defendant's motion for interlocutory judgment be, and it is hereby, granted.