**In re Complaint of TWENTY GRAND OFFSHORE, INC., Plaintiff,**

**Owner of TUG EL MULO GRANDE, Official No. 505240, in an action for exoneration from or limitation of liability, Petitioner.**

**Civ. No. 70–591.**

United States District Court,
S. D. Florida.

May 25, 1971.

Reconsideration Denied Aug. 4, 1971.

See also, D.C., 313 F.Supp. 851.

---

G. Morton Good, of Smathers & Thompson, Miami, Fla., for petitioner.

Richard Ralph, of Ralph & Boyd, Miami, Fla., for claimant, West India Carriers.

FULTON, Chief Judge.

This cause came before the Court upon petitioner Twenty Grand Offshore's motion for summary judgment against claimant West India Carriers, Inc.

This is a limitation action brought by Twenty Grand Offshore as owner of the tug "El Mulo Grande." One of the claimants herein is West India Carriers, owner or charterer of the barge "Wisco Ranger," which was under tow by the tug "El Mulo Grande" when the hawser parted and the barge allegedly drifted ashore damaging itself and certain beach groins.

Petitioner Twenty Grand has moved for summary judgment against West India on the ground that West India

breached their towage agreement by failing to obtain insurance in accord with clause #3 of the agreement. According to petitioner, because of this breach, West India cannot now recover damages from the tug which would have been covered by one of the clause #3 policies of insurance.

Clause #3 provides:

Owner [barge] agrees to procure, pay for and maintain in full force and effect throughout the terms of this agreement, hull and machinery insurance in an amount at least equal to the value of the vessel and full form protection and indemnity insurance with a limited amount of at least $1,-000,000. Principal [tug] shall be named as an additional insured on all said policies and such policies shall contain a waiver of subrogation in favor of principal. Principal agrees to procure, pay for and maintain in full force and effect throughout the terms of this agreement, hull and machinery insurance in an amount at least equal to the value of the barge, and full form protection and indemnity insurance with a limit of at least $1,000,-000. Owner, the vessel, its master and crew shall be named as additional assureds in all of said policies and such policies shall contain a waiver of subrogation in favor of owner, the vessel, its master and crew. Proper evidence of such insurance shall be furnished owner.

Counsel have stipulated that West India did not comply with clause #3, in that it failed to have Twenty Grand or its tug named as an additional insured in the policies it obtained, and it failed to purchase waivers of subrogation against Twenty Grand from the underwriters. The issue is whether clause #3 is valid and enforceable, or whether it violates public policy by exculpating the tug and its owner from the negligence of the tug.

According to Gilmore & Black, The Law of Admiralty § 7–15, the operators of tugboats have long sought to immu-

nize themselves from the effects of their negligence by providing in their towage contracts that towage would be at the sole risk of the tow. In 1955, however, the Supreme Court held such clauses invalid in Bisso v. Inland Waterways Corp., 349 U.S. 85, 75 S.Ct. 629, 99 L. Ed. 911 (1955). Reviewing older cases dealing with such clauses, the Court concluded that they "strongly point to the existence of a judicial rule, based on public policy, invalidating contracts releasing towers from all liability for their negligence." According to the Court, the two main reasons for the creation and application of this rule are (1) to discourage negligence by making wrongdoers pay for their negligence, and (2) to protect those in need of services from being "overreached" by those with the power to "drive hard bargains" and to help them obtain towage "free of monopolistic compulsions."

The Supreme Court adhered to the Bisso rule in its 1963 case, Dixilyn Drilling Corp. v. Crescent Towing & Salvage, 372 U.S. 697, 83 S.Ct. 967, 10 L.Ed.2d 78 (1963), rev'ing 303 F.2d 237 (5th Cir. 1962).

Another clause in the towage contract considered by the Court in Bisso provided that the master, crew, and employees of the tug would be "servants" of the tow. As such, their negligence would be imputed to the tow. The Court looked through this fictitious employment. The Court invalidated this clause, holding it would indirectly have the same effect as the tow-at-your-own-risk exculpatory clause. See also, Boston Metals Co. v. The Winding Gulf, 349 U.S. 122, 75 S.Ct. 649, 99 L.Ed. 933 (1955).

It is claimed by petitioner Twenty Grand that clause #3 presented herein is not the same kind of contract condemned by Bisso and later cases. Clause #3, according to the petitioner, is merely an insurance clause. Claimant West India, on the other hand, argues that the present benefit-of-insurance clause is but a new twist on the old Bisso-invalid exculpatory clause, for it has

the indirect effect of eliminating the tug's liability for its negligence at the expense of the tow.

The Court is impressed with the argument of claimant West India. Towage contracts have been found to be contracts of adhesion, the entry into which is surrounded by "monopolistic compulsions," and clauses absolving the tower from its own negligence are void as contrary to public policy. The result of clause #3, presented herein, is no different from the invalid *Bisso* exculpatory clause. It merely seeks to do indirectly what it cannot do directly. Where the tow must buy insurance and name the tower as co-insured and purchase a waiver of subrogation against the tower, the tower would be absolved from any expense in connection with its negligence. The tow would pay the premiums to protect the tug; the negligent party would not have to pay for its damages. However, negligence is to be discouraged by making the negligent party pay for its wrongdoing. The *Bisso* clause and clause #3 presented herein are one and the same—both shield the tug from its own carelessness. See, 46 U.S.C. § 1303(8) (COGSA, invalidation of benefit of insurance clauses). *Contra* Slade, Inc. v. Samson Towing Co., 327 F.Supp. 555 (E.D.Texas 1970); Fluor Western, Inc. v. G & H Offshore Towing Co., Case No. 70–H–208 (S.D.Texas 1970). This Court will not overrule the Supreme Court, and in the absence of a showing of why *Bisso* is inapplicable, it is

Ordered and adjudged that petitioner Twenty Grand's motion for summary judgment be and the same is hereby denied.

## ON MOTION FOR RECONSIDERATION

This cause came on for hearing on Plaintiff, Twenty Grand Offshore, Inc.'s Motion for Reconsideration of the Court's Order dated 24 May 1971, filed 25 May 1971, denying Plaintiff's Motion for Summary Judgment. The parties appeared by counsel and the Court has considered the memorandums and the argument of counsel. Neither party desires to introduce further evidence.

Plaintiff's Motion for Reconsideration is bottomed on Fluor Western Inc. v. G. & H. Offshore Towing Co., Case No. 70–H–208 (S.D. Texas 1970), affirmed per curiam (5th Cir., 1971) 447 F.2d 35. In Fluor it developed that Fluor's cargo insurer was by virtue of subrogation the real party in interest in whose name—not Fluor—the action was actually brought, see Compagnie De Navigation Fraissinet & Cyprien Fabre S.A. v. Mondial United Corp. (5th Cir. 1963) 316 F.2d 163, 172. It further appeared that Fluor's cargo insurer, the real party in interest plaintiff, voluntarily waived its subrogation in dealings with its insured Fluor and not as a party to the towage agreement. This being so the *Bisso* and subsequent cases were held to have no application contra to the contention advanced by the cargo interests in *Fluor*. In the instant case before the Court, the Plaintiff in limitation seeks to enforce insurance contractual provisions in the towage agreement against claimant, Carriers, who did not perform the provisions and no underwriter of whom waived, voluntarily or otherwise, subrogation against Twenty Grand.

The Court is of the opinion that the holding in *Fluor* is distinguishable from the present case before the Court in that here there is no waiver of subrogation by an insurer and plaintiff, Twenty Grand, seeks to enforce provisions of a towage agreement against a party to the towage agreement to which the *Bisso* line of decisions are applicable, see Offshore Company v. G. & H. Offshore Towing Co., Inc. (D.C.S.D.Tex.1966) 262 F.Supp. 282, 287, as held in this Court's Order to which Plaintiff's Motion for Reconsideration is directed.

It is therefore ordered:

That Plaintiff's Motion for Reconsideration is denied.