HUGHES and others, Appellants, vs. HUNNER and others, Respondents.

*September 26 — October 22, 1895.*

*Insurance against fire: Bond deposited to protect reinsurance in foreign company: Enforcement of claims: Foreign assignment: Jurisdiction: Misjoinder of causes of action: Demurrer: Appeal.*

1. Where a domestic insurance company, on retiring from business, procured its risks to be reinsured in a foreign company, and to protect such reinsurance deposited with the state treasurer a debenture bond, title to which passed to such foreign company and afterwards to its assignee for the benefit of creditors, such assignee took the title subject to the valid claims of the policy-holders for whose benefit the bond had been pledged, and actions to enforce such claims against the bond are, notwithstanding the foreign assignment, within the jurisdiction of the courts of this state.

2. In an action to subject such bond to the payment of claims, those of the plaintiffs for whose benefit the bond had been pledged did

not appear to have exhausted their remedy at law so as to be entitled to maintain a creditors' bill, while other plaintiffs, in whose favor a cause of action for a creditors' bill was stated, had no interest in the bond as a pledge, but only in a possible surplus after satisfaction of the claims to secure which it had been deposited. *Held*, that there was a misjoinder of causes of action.

3. An order sustaining a demurrer, if right, will be affirmed, even if the reasons given by the trial court were erroneous.

APPEAL from an order of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed*.

The defendant *John Hunner* was state treasurer; the defendant the *Hekla Fire Insurance Company of Madison, Wisconsin*, is a domestic corporation; the defendants the *Hekla Fire Insurance Company of St. Paul, Minnesota*, and the *St. Paul German Fire Insurance Company*, are foreign corporations, existing under the laws of the state of Minnesota; the defendant *J. F. Franzen* is the assignee for the benefit of creditors of the last-named corporation, the *St. Paul German Fire Insurance Company;* the defendants *Theodore Herfurth* and the *Cady Mills Land, Farming & Live-Stock Improvement Company* are creditors of the insurance companies, and have some interest in the securities which are the subject of the litigation. The *Hekla Fire Insurance Company of Madison*, after carrying on the business of insurance for some years, procured all its risks to be reinsured in the St. Paul companies, the *Hekla* and the *St. Paul German*, and to protect such reinsurance, and with the consent of the commissioner of insurance, withdrew its securities which had been deposited with the state treasurer, and deposited in their stead a debenture bond of the American Mortgage Security Company of St. Paul, Minn., for the sum of $25,000. This substitution of securities is alleged to have been fraudulent, and that the substituted security was inadequate to protect the policy-holders of the *Hekla of Madison*.

The plaintiff *John Hughes* had a policy in the *Hekla of Madison*, which was reinsured in the *St. Paul German*, and

on which there is due to him for a loss, which has been adjusted, $250. The plaintiff *Mary Hughes* had a policy in the *Hekla of St. Paul,* reinsured in the *St. Paul German,* on which she had a loss, which has been reduced to judgment, on which execution in Dane county, Wisconsin, has been returned wholly unsatisfied. The plaintiff *James F. Taylor* has judgment against the *St. Paul German* for unearned premiums on policies canceled by the assignee, *Franzen,* which were assigned to him, on which execution to Dane county has been returned wholly unsatisfied. The plaintiffs *Hugh Leonard* and *Mary C. Leonard* are judgment creditors of the *Hekla of St. Paul,* with an execution returned unsatisfied.

It is alleged by the complaint that all of said corporations, the *Hekla of Madison,* the *Hekla of St. Paul,* and the *St. Paul German,* are insolvent; that the title to the debenture bond has passed from the *Hekla of Madison* to the *Hekla of St. Paul,* from the *Hekla of St. Paul* to the *St. Paul German,* and by the assignment of the *St. Paul German* to the defendant *Franzen,* but that some interest in the bond, which the plaintiffs are unable to ascertain, remains in each of such defendants; that the defendant *Franzen* now claims to own the bond by virtue of the assignment to him; that there are many creditors of the *Hekla of Madison* whose policies were included in the reinsurance by the St. Paul corporations, who are entitled to share in the security which the deposit of the bond was intended to afford, but of whose identity the plaintiffs are ignorant. The demand for relief is ample,— but not important to be stated at length.

The several defendants demurred separately to the complaint on the several grounds (1) that the circuit court for Dane county has no jurisdiction of the subject of the action; (2) that the plaintiffs have no legal capacity to sue; (3) that there is another action pending for the same cause; (4) that several causes of action have been improperly united; and (5) that the complaint does not state facts sufficient to con-

stitute a cause of action. The demurrers were sustained upon the grounds, as expressed by the order, (1) that the circuit court for Dane county has no jurisdiction of the subject of the action, and (2) that the complaint does not state facts sufficient to constitute a cause of action. From the order sustaining the demurrers the plaintiffs appeal.

For the appellants there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *A. R. Bushnell.*

For the respondents there was a brief by *Bashford, O' Connor & Aylward,* and oral argument by *R. M. Bashford.* They contended, *inter alia,* that the circuit court for Dane county had no jurisdiction of the subject of the action. A court of competent jurisdiction in another state, which was the domicile of the corporation, had taken possession of all its property and effects, and was administering upon the estate through its assignee. No adequate relief can be given in this suit without winding up the affairs of a foreign corporation whose property is already *in custodia legis.*

NEWMAN, J. The debenture bond was deposited with the state treasurer to protect the holders of policies in the *Hekla Insurance Company of Madison,* who were reinsured in the St. Paul companies. The plaintiff *John Hughes* was such a policy-holder. He had a loss which has been adjusted. The corporations liable for the loss are insolvent. No just reason is perceived why these facts do not entitle him to resort to the security. The bond was deposited to meet just this case. It is not in the custody of the law of Minnesota. It is, in fact, in the custody of the state treasurer of Wisconsin, and within the jurisdiction of the courts of this state. It could hardly be that the courts of this state, on the score of comity, would permit this security, deposited by nonresident debtors, to be withdrawn from this state, and so compel domestic creditors, for whose benefit it was pledged, to seek redress in a foreign jurisdiction. *McClure v. Campbell,*

71 Wis. 350; *Gilman v. Ketcham,* 84 Wis. 60, 68, 69, and cases cited; *Woodward v. Brooks,* 128 Ill. 222. Nor could the assignee take a larger title in the bond than his assignor had. He could take it only subject to the valid claims of the policy-holders for whose protection it had been pledged. So it would seem that the complaint does state a good cause of action in favor of the plaintiff *John Hughes,* and of such other persons as have like claims. The complaint states that there are many creditors having like claims, and asks relief for them as well as for the plaintiffs named. R. S. sec. 2604; *Day v. Buckingham,* 87 Wis. 215.

This cause of action seems to be clearly within the jurisdiction of the circuit court for Dane county. But the complaint states this one cause of action only, in favor of such plaintiffs. It does not state a cause of action for a creditors' bill on behalf of such plaintiffs. It at least fails to show that such creditors have exhausted their remedy at law by obtaining judgment and issuing execution (*Northwestern 1. Co. v. Central T. Co.* 90 Wis. 570), and so fails to show that they are entitled to that remedy.

The other plaintiffs named in the complaint have no interest in the bond as a pledge or security. It was not deposited for a security to them. They are not, in any sense, *cestuis que trustent* of the bond. If they have any relation to or interest in the bond, it is such relation or interest as is given by the creditors' bill. And this could give them a remedy only in the surplus which shall remain after the claims of the creditors for whose security it was pledged have been satisfied. The complaint seems to state a cause of action in favor of these plaintiffs for a creditors' bill and a remedy by way of such possible surplus. But it does not show that they have any interest in the cause of action of the plaintiff *John Hughes* and the creditors having like claims with him. So it seems to be sufficiently clear that the complaint states at least two different causes of action

(*Leidersdorf v. Second Ward S. Bank*, 50 Wis. 406), which are improper to be joined because neither of them affects all the parties to the action. R. S. sec. 2647; *Hoffman v. Wheelock*, 62 Wis. 434. On this ground the order sustaining the demurrers is right. The order, being right, must be affirmed, even if the reasons given by the trial court were erroneous.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.

