WEIS, Plaintiff and Respondent, vs. A. T. HIPKE & SONS, INC., Defendant and Respondent: CITY OF NEW HOLSTEIN, Defendant and Appellant.

*October 11—November 8, 1955.*

142

For the appellant there was a brief by *Mulhern & Lucas* of New Holstein, and oral argument by *Thomas H. Lucas*.

For the respondent A. T. Hipke & Sons, Inc., there was a brief and oral argument by *John P. McGalloway* of Fond du Lac.

For the respondent Lewis E. Weis there was a brief by *Puhr, Peters, Holden & Schlosser,* attorneys, and *Walter P. Rynkiewicz* of counsel, all of Sheboygan.

BROWN, J.    Sec. 81.17, Stats., controls this controversy. It states:

"HIGHWAY DEFECTS; LIABILITY OF WRONGDOER; PRO-CEDURE.  Whenever damages happen to any person or property by reason of any defect in any highway or other public ground, or from any other cause for which any town, city, village, or county would be liable, and such damages are caused by, or arise from, the wrong, default, or negligence thereof and of any person, or private corporation, such person or private corporation shall be primarily liable therefor; but the town, city, village, or county may be sued with the person or private corporation so primarily liable.  If the town, city, village, or county denies its primary liability and proves upon whom such liability rests the judgment shall be against all the defendants shown by the verdict or finding to be liable for the damages; but judgment against the town, city, village, or county shall not be enforceable until execution has been issued against the party found to be primarily

liable and returned unsatisfied in whole or in part; on such return being made the defendant town, city, village, or county shall be bound by the judgment. The unpaid balance shall be collected in the same way as other judgments."

Applied to this case, the statute seems to us to say that if both Hipke and the city are liable to the plaintiff because of a defect in the highway, whether that be a nuisance or otherwise, the city shall be only secondarily liable and need pay the plaintiff only that part of the judgment which the plaintiff has been unable to collect from Hipke. If that is so, it is evident that Hipke can have no cause of action to recover from the city anything which Hipke, the party primarily liable, has had to pay the plaintiff.

Hipke argues that the second half of sec. 81.17, Stats., recognizes that the city may deny its primary liability and prove that the primary liability is that of someone else; therefore, if the city fails in such proof it remains primarily liable, leaving the other defendant, at most, only secondarily liable. The trouble with the argument is that the statute says that if the damages are caused by the wrong of the city *"and* of any person, or private corporation, such person or private corporation shall be primarily liable therefor." In other words, there can be neither joint nor primary liability on the part of the city if a person or private corporation has any liability to the plaintiff in the premises. The city remains primarily liable for its nuisance in the highway to the plaintiff only when there is a failure to fasten what, in the absence of the statute, would be joint liability on someone else; but if there is such failure Hipke has to pay plaintiff nothing and so has nothing to recover from the sole tort-feasor. As soon as the private corporation is found liable because of its own wrong, default, or negligence, its liability becomes primary and neither joint nor secondary. The statute takes care of that.

The parties' briefs have a good deal to say about contribution between the tort-feasors and, judging by the written opinion filed by the learned trial court, the demurrer was argued there as though this was a contribution case in which one tort-feasor might have contribution from the other under the doctrine of *Ainsworth v. Berg* (1948), 253 Wis. 438, 34 N. W. (2d) 790, 35 N. W. (2d) 911, even though the plaintiff might have lost his remedy against one of the defendants. Putting aside the objection that the cross complaint does not ask for contribution,—it does ask that Hipke be held only secondarily liable,—*Ainsworth v. Berg, supra,* cannot apply. In that case the defendants were both private parties and were capable of joint liability. In the present case we are faced again by the stubborn statute, sec. 81.17, which declares that if Hipke is liable at all to the plaintiff, any liability the city may have is only for that portion of damages and costs which Hipke is unable to pay. By statute the liabilities of these tort-feasors from the outset are successive, rather than joint, which prevent the application of the *Ainsworth v. Berg* doctrine, where there was no such statute to contend with.

Given this statute, we are unable to see any combination of circumstances whereby Hipke may recover from the city anything which Hipke may have to pay plaintiff. It follows that the cross complaint has not stated a cause of action and the demurrer should have been sustained.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer to the cross complaint and for further proceedings according to law.