**MINNEAPOLIS, ST. PAUL AND SAULT STE. MARIE RAILROAD COMPANY, Defendant and Third-Party Plaintiff-Appellee,**

v.

**CITY OF FOND DU LAC, Third-Party Defendant-Appellant.**

No. 13277.

United States Court of Appeals Seventh Circuit.

Dec. 28, 1961.

584

Frederick K. Foster, City Atty., Fond Du Lac, Wis., Ray T. McCann, Milwaukee, Wis., Richard A. McDermott, Milwaukee, Wis., for appellant.

Reginald W. Nelson, Milwaukee, Wis., Edward M. Glennon, Minneapolis, Minn., for appellee, Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., of counsel.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This action was commenced by the filing of a complaint against third-party plaintiff-appellee, Minneapolis, St. Paul and Sault Ste. Marie Railroad Company (Railroad), to recover damages for injuries sustained by plaintiffs,[1] as the result of a train-automobile collision. After issue had been joined and a pre-trial conference ordered, appellee Railroad commenced a third-party proceeding against third-party defendant-appellant, City of Fond du Lac, Wisconsin (City).

Following denial by the trial court of appellant City's motion to dismiss the third-party action, issue was joined on the third-party complaint. The case was tried to a jury which returned a special verdict, finding plaintiff Violet Bosin, the driver of the automobile, causally negligent as to listening and lookout; appellee Railroad causally negligent with reference to maintenance of the crossing flasher signals; appellant City causally negligent in failing to trim a tree within 330 feet of the crossing; and apportioning percentages of negligence, respectively, 30%, 50% and 20%. The minor plaintiff Sandra Bosin Hafenbraedl was found to have been guilty of neglect as to listening and lookout, but these elements were found not to have been causal.

Judgment was entered in favor of plaintiffs upon the written memorandum decision of the trial court. Judgment was also entered in favor of appellee Railroad against appellant City for contribution of one-half of any amount paid by appellee Railroad to plaintiffs other than Violet Bosin and her husband, Harold Bosin, on account of her medical expenses (her causal negligence having exceeded the causal negligence of appellant City).

This appeal concerns only that portion of the judgment which relates to contribution. The errors relied on arise out of the failure of the trial court to grant appellant's motion to dismiss, the court's failure to grant appellant's motion for directed verdict and the court's failure to grant appellant's motions after verdict.

The facts may be briefly stated. On Sunday, May 22, 1955, at about 8:30 a. m., plaintiff Violet Bosin drove the 1950 Pontiac sedan owned by her husband, Harold Bosin, eastward along 9th Street,

---

1. Plaintiffs in the underlying action for personal injuries were Robert Bosin and Sandra Bosin Hafenbraedl, minors, by Harold Bosin, their guardian, and Violet Bosin and Harold Bosin.

in Fond du Lac, Wisconsin, toward appellee's railroad crossing. At that point, the single track of appellee Railroad intersected 9th Street at approximately right angles. A northbound train of appellee collided with the right side of the automobile, shoved it northward and to the west where it came to rest facing north in a ditch north of 9th Street. Violet Bosin and her children, Sandra and Robert Bosin, passengers in the car, sustained injuries.

The crossing signals were located at the northeast and southwest approaches to the street and track intersection. They consisted of a post, mounted on which were a cabinet, two flasher lights, a movable octagonal stop sign surmounted by crossed arms bearing the words "Railroad" and "Crossing".

On the evening preceding the accident, a Fond du Lac policeman, traveling east on 9th Street, observed the crossing signal in stop position, and that the flasher lights were not operating. He testified that he observed the large yellow stop sign and stopped his car before proceeding across the track. Efforts to reach a railroad signal maintainer proved fruitless and the flasher lights continued to be out of order on the following morning.

Liability of appellant City was predicated on a large tree located in that quadrant of the intersection directly related to the accident. The center of the trunk of this tree was 45½ feet west of the center line of the railroad track, between the curb line and the sidewalk along the south side of 9th Street. The branches spread out a distance of 41 feet and at the trunk were six feet above ground level. In response to interrogatories, appellant admitted that this tree was within the jurisdiction of the City of Fond du Lac, within the street right-of-way and that the date of trimming of said tree by

the City, if any, prior to the date of the accident, was unknown.

Appellant City's first contention is based on Section 62.25(1) (a), Wis.Stats. (1955) which states: "No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. * * *" It was stipulated that no official notice or claim was filed with the City of Fond du Lac or any official of the City.

█ The question presented is whether noncompliance with the above statute bars a claim for contribution in a third-party proceeding. We agree with the trial court that non-compliance with the statute is not a bar under the circumstances of this case.

█ The right of contribution between joint tortfeasors arises at the time of the concurring negligent acts. Until one of the joint tortfeasors pays more than his proportionate share of the underlying claim, the right remains contingent, subordinate and inchoate. When a tortfeasor pays more than his proportionate share, the right ripens into a cause of action. Ainsworth v. Berg, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 911 (1948); Western Casualty & S. Co. v. Milwaukee G. C. Co., 213 Wis. 302, 251 N.W. 491 (1933); De Brue v. Frank, 213 Wis. 280, 251 N.W. 494 (1933).

Ainsworth v. Berg, supra, further illustrates the nature of the right of contribution as it exists in Wisconsin. In that case, Ainsworth and his employer sued Berg and his insurance carrier. Defendants sought to implead, as joint tortfeasors, persons who had not been given timely notice of injury by plaintiff, as required by Section 330.19(5), Wis.Stats. (1947).[2] In holding that the right of contribution is not impaired by the statutory duty imposed upon injured persons,

2. Sec. 330.19(5), Wis.Stats. (1947) provides:
   "No action to recover damages for an injury to the person shall be maintained unless, within 2 years after the happening of the event causing such damages, notice in writing, signed by the party damaged, his agent or attorney, shall be served upon the person or corporation by whom it is claimed such damage was caused * * *."

the court expressly overruled Palmer v. Autoist Mut. Ins. Co., 234 Wis. 287, 291 N.W. 364 (1940). Palmer had held that a condition precedent to contribution was timely notice by plaintiff to the joint tortfeasor against whom the right of contribution was asserted. In Ainsworth, the court pointed out that "there is no provision in the statute requiring one joint tort-feasor to serve notice upon the other. Until suit is brought by the injured person there is no opportunity." Id. at 445a, 34 N.W.2d at 793.

It is clear that Section 62.25(1) (a), supra, is concerned with the necessity for presentation of a claim against a city, and its subsequent disallowance in whole or in part, as a condition precedent to maintaining an action thereon. In the instant case, appellee Railroad's claim was contingent and had not ripened into a cause of action against City at the time the third-party complaint was filed. Failure of appellee Railroad to present such a contingent claim for allowance could not bar its recovery in the third-party action.

Section 330.19(5), supra, is an entirely different statute having reference to service of notice of a claim for damages. From the holding in Ainsworth that failure to comply with this section does not impair the right of contribution, we draw the analogy that a third-party claim for contribution is not within the purview of Section 62.25(1) (a).

Further, appellee Railroad was not required to suffer judgment and then present its claim for contribution to the City. As stated by the trial court: "The presence of the City as a third-party defendant is necessary in order to get a complete adjudication of the rights of the parties and to avoid two trials. This is the spirit and purpose of Rule 14(a), Federal Rules of Civil Procedure [28 U.S.C.A.], and of Section 260.19(3) Wis.Stats. In that manner it can be determined whether there is common liability, and if so, the finding as to damages will be binding upon the third-party defendant."

None of the cases cited by appellant City in support of its contention that failure to file a claim bars the third-party proceeding involves a claim for contribution. Appellant concedes that the requirement of filing claims prior to court action is not without exception. The trial court correctly stated: "It may also be noted that, notwithstanding the all-inclusive language of Section 62.25 Wis. Stats. as applying to a 'claim of any kind', the courts have excepted from its application actions 'for equitable relief (as for abatement of a nuisance by injunction).' Hasslinger v. Village of Hartland, 234 Wis. 201, 205, 290 N.W. 647 (1940)."

We hold that under the law of Wisconsin presentation of a claim under Section 62.25(1) (a), Wis.Stats. (1955) is not a condition precedent to maintaining the instant third-party proceeding for contribution.

▉ Section 195.29(6), Wis.Stats. (1955) states that "every municipality * * * shall adequately trim all trees within 330 feet of the center of any railroad highway grade crossing." It is appellant's contention that this statute imposes upon the municipality a duty the performance of which is a governmental function and, therefore, the doctrine of governmental immunity precludes liability. We do not agree.

▉ Another portion of this same section of the statute places upon a railroad the duty of clearing brush from its right-of-way. Wisconsin has held that the portion pertaining to railroads is designed to protect travelers upon the intersecting highway. Wilmet v. Chicago & N. W. R. Co., 233 Wis. 335, 289 N.W. 815 (1940). The portion that requires municipalities to adequately trim trees is clearly to protect the same class of persons. The statute here in question is thus a safety measure analogous to the Wisconsin Safe Place Statute.[3] Wisconsin has held that

3. Sec. 101.06, Wis.Stats. (1933) provides: "* * * [E]very owner of * * *

a public building now or hereafter constructed shall so construct, repair or

the doctrine of governmental immunity does not apply to actions under the Safe Place Statute. Heiden v. City of Milwaukee, 226 Wis. 92, 275 N.W. 922, 114 A.L.R. 420 (1937).

Further, the governmental immunity doctrine has been limited by the Wisconsin courts. The trial court correctly stated: "The Wisconsin Supreme Court has indicated that the doctrine of governmental immunity 'should not be so construed as to extend the exemption beyond the boundaries of its previous application.' Britten v. City of Eau Claire, 260 Wis. 382, 387, 51 N.W.2d 30 (1952). * * * The doctrine of immunity has not previously served to protect governmental units from liability for negligence in respect to safety measures at railroad crossings and should not now be extended into this new area."

We hold that under the circumstances present here appellant City is not immune from liability.

■ Appellant next contends that there was no causal negligence attributable to the City. It bases this claim on the fact that the evidence shows Violet Bosin failed to keep a lookout and that the flashers were inoperative at the time of the collision. Appellant concludes that "the [only] proximate causes of the collision were establishd in fact and in law to have been appellee's failure to maintain the flashers and plaintiffs' failure to look and listen."

The short answer to this contention is that the findings of negligence on the part of Violet Bosin and Railroad do not preclude a finding of negligence on the part of City. There is ample support in the record for the jury's determination that appellant was negligent and that its negligence was causal. Plaintiff Violet Bosin testified that the tree partially obstructed her view of the signal and that because of the tree and a house one would have to be close to the tracks to observe a train approaching from the south. Further evidence of the manner in which the tree obstructed the view of plaintiffs was presented by photographs of the crossing introduced in evidence.

■ We hold that the questions of appellant City's negligence and whether such negligence was causal were questions properly to be decided by the jury.

■ Appellant contends that the found negligence of plaintiff Sandra Bosin Hafenbraedl was causal as a matter of law. In support of this contention, it relies on Oelke v. Earle, 271 Wis. 479, 74 N.W.2d 336 (1956), which held the negligence of a *driver* in failing to keep a lookout causal as a matter of law. *Passengers*, however, are not held to such a strict degree of care. Tomberlin v. Chicago, St. P., M. & O. R. Co., 208 Wis. 30, 243 N.W. 208 (1932). In Crane v. Weber, 211 Wis. 294, 247 N.W. 882 (1933), the court held a passenger guilty of contributory negligence as a matter of law, but nevertheless it recognized that the question of a passenger's negligence is usually for the jury and stated that "every case must stand upon its own facts." Id. at 299, 247 N.W. at 883. The facts of the instant case are not analogous to those in Crane.

We hold that the trial court did not err in determining that the question of whether the found negligence of Sandra Bosin Hafenbraedl was causal was for the jury.

■ Appellant's final contention is that plaintiff Robert Bosin was causally negligent as a matter of law. This question was not presented to the trial court and will not be considered by us for the first time on this appeal. Employers' Liability Assur. Corp. v. Maryland Cas. Co., 7 Cir., 230 F.2d 370, 372 (1956).

For the reasons above stated, the judgment for contribution appealed from herein is affirmed.

Affirmed.

---

maintain such * * * public building * * * as to render the same safe." Sec. 101.01(13), Wis.Stats. (1933) provides:

"The term 'owner' shall mean and include every * * * city * * *."