HENNINGTON, Plaintiff, v. VALUCH, Defendant and Appellant: CITY OF MILWAUKEE, Impleaded Defendant and Respondent.

*February 5—March 5, 1963.*

For the appellant there was a brief and oral argument by *Stephen J. Hajduch* of Milwaukee.

For the respondent there were briefs by *John J. Fleming,* city attorney, and *Peter M. Stupar,* assistant city attorney, attorneys, and *Richard F. Maruszewski,* assistant city attorney, of counsel, and oral argument by *Mr. Stupar.*

WILKIE, J.   The trial court sustained the city's demurrer for the reason that the defendant had not filed a claim against the city under sec. 62.25, Stats. 1961,[1] and that this barred the defendant from bringing an action for contribution or indemnification against the impleaded municipality.

The city now concedes that this is not a valid reason for sustaining the demurrer.

In a recent federal case, *Bosin v. Minneapolis, St. P. & S. S. M. R. Co.* (1960), 183 Fed. Supp. 820, the court held that a defendant railroad company, cross-complaining against the city of Fond du Lac for contribution, did not have to comply with the filing requirements of sec. 62.25 (1) (a), Stats. That case was appealed to the circuit court of appeals for the Seventh circuit, and was affirmed. *Minneapolis, St. P. & S. S. M. R. Co. v. Fond du Lac* (7th Cir. 1961), 297 Fed. (2d) 583.

In *Geiger v. Calumet County* (1962), 18 Wis. (2d) 151, 118 N. W. (2d) 197, we recently held that where an injured party was injured in an accident in which there could be common liability found between the county (Calumet county) sued and the county from which contribution was sought (Brown county), an action for such contribution was not barred by the failure of Calumet county to serve the required thirty-day notice of claim under sec. 81.15, Stats., on Brown county.

---

[1] Sec. 62.25, Stats. 1961, provides: "CLAIMS AND ACTIONS. (1) *Claims.* (a) No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part."

These cases dealt with efforts to sue for contribution. On principle, there is no reason why the rule should not be the same in an attempted cross complaint for indemnification grounded in tort.

Thus, if there was no other basis for sustaining the city's demurrer, the trial court's order sustaining the demurrer would have to be overruled.

However, the city now asserts for the first time on this appeal that the demurrer must be sustained on the further ground that since the actions complained of on the part of the city were performed in the city's exercise of a governmental function, the defense of governmental immunity can be raised as a valid reason for allowing the demurrer.

On appeal, an order sustaining a demurrer should be affirmed as long as there is some basis on which to sustain it. *Hughes v. Hunner* (1895), 91 Wis. 116, 64 N. W. 887.[2]

A demurrer has been sustained where a complaint on its face showed that a defendant municipality was acting in its governmental capacity. See *Juul v. School Dist.* (1918), 168 Wis. 111, 169 N. W. 309, where this court held, at page 114:

"It follows, therefore, that the complaint upon its face shows that the act complained of was one done by the defendant school district in the performance of that which must still be recognized as one of its governmental duties toward the pupils, and of such a nature that for a consequent injury to a pupil there is no recognized liability against defendant either at common law or by statute." [3]

[2] See also *Laffey v. Milwaukee* (1958), 4 Wis. (2d) 111, 115, 89 N. W. (2d) 801, where this court stated, "Where we find an order to be correct, we may affirm it notwithstanding that counsel supported it on an erroneous theory, or even disclaimed the view of the law which we hold to be right."

[3] See also *Bernstein v. Milwaukee* (1914), 158 Wis. 576, 149 N. W. 382, wherein this court affirmed an order of the lower court sustaining a demurrer by the city of Milwaukee on the grounds of governmental immunity.

In *Holytz v. Milwaukee* (1962), 17 Wis. (2d) 26, 115 N. W. (2d) 618, wherein we abolished the defense of governmental immunity from tort claims, the ruling was prospective and applied only to torts arising after July 15, 1962. The alleged tort here was before that date so that the defense is still available to the defendant city.

The only question remaining is whether the cross complaint alleges sufficient facts so that the demurrer, as a matter of law, can be sustained for the reason of the defense of governmental immunity. In its cross complaint, the defendant alleges:

"6. That the directions and instructions given by the said impleaded defendant city of Milwaukee, by its agents, servants, and employees were improper and wrong, in that defendant was instructed to make the lateral sewer connection to an abandoned sewer not in use.

"7. That as the direct result of the conduct of the impleaded defendant, city of Milwaukee, by its agents, servants, and employees any damage sustained by the plaintiff occurred as the result of any unskilful or negligent work of this defendant."

In *Erickson v. West Salem* (1931), 205 Wis. 107, 236 N. W. 579, we held, at page 109:

"That parks, playgrounds, drains, ditches, and sewers are established, constructed, and maintained by municipalities acting solely in the performance of governmental functions seems so clear as not to admit of reasonable controversy."

It is true that, in the case at bar, the city of Milwaukee was not connecting the sewer system, but that it was being done by a private contractor. It is also true, however, that the city supervised the construction and told the defendant where to connect the sewer. The activities of the city employees here were sufficiently specified in the pleadings so that we can hold as a matter of law that they were undertaken in the performance of a governmental function and for that

reason the defense of governmental immunity should be available on demurrer.

The argument of the defendant that the defendant was only doing what he was told to do by the city officials is an argument for removing the defense of governmental immunity on the city's torts. This we have done in the *Holytz Case, supra,* but the holding of that case is not retrospective and we cannot modify that doctrine to extend relief to the defendant in the case at bar.

*By the Court.*—Order sustaining demurrer to defendant's cross complaint affirmed.