ARMOUR, Plaintiff, v. WISCONSIN GAS COMPANY, Defendant and Third-Party Plaintiff and Respondent: CITY OF MILWAUKEE, Third-Party Defendant and Appellant: KREJCI and another, Third-Party Defendants.

*No. 40. Argued February 29, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 620.)

304

For the appellant there were briefs by *John J. Fleming*, city attorney, and *William J. Lukacevich* and *Rudolph T. Randa*, assistant city attorneys, and oral argument by *Mr. Randa*.

For the respondent there was a brief by *Harrold J. McComas, Timothy R. Casgar*, and *Foley & Lardner*, attorneys, and *Clifford W. Muellner* of counsel, all of Milwaukee, and oral argument by *Mr. McComas*.

BEILFUSS, J. The appellant city raises three issues:

(1) Is the third-party complaint against the city for contribution barred by sec. 81.17, Stats.?

(2) Does the gas company have a cause of action against the city under the common law?

(3) Is the gas company required to file a claim pursuant to sec. 62.25 (1) (a), Stats., before it can commence an action for contribution against the city?

Preliminary to discussing the issues raised, we restate the basic rule that upon a challenge by demurrer all facts well pleaded in the complaint are assumed to be true. Under this assumption it can be said that the city undertook the responsibility to supervise and inspect the construction of the storm sewer, and that it was causally negligent in that respect.

The city's first contention is that by virtue of sec. 81.17, Stats., it is only secondarily liable.

Sec. 81.17, Stats., provides:

**"Highway defects; liability of wrongdoer; procedure.** Whenever damages happen to any person or property by reason of any defect in any highway or other public ground, or from any other cause for which any town, city, village or county would be liable, and such damages are caused by, or arise from, the wrong, default or negligence thereof and of any person, or private corporation, such person or private corporation shall be primarily liable therefor; but the town, city, village or county may be sued with the person or private corporation so primarily liable. If the town, city, village or county denies its primary liability and proves upon whom such liability rests the judgment shall be against all the defendants shown by the verdict or finding to be liable for the damages; but judgment against the town, city, village or county shall not be enforceable until execution has been issued against the party found to be primarily liable and returned unsatisfied in whole or in part; on such return being made the defendant town, city, village or county shall be bound by the judgment. The unpaid balance shall be collected in the same way as other judgments."

We have no difficulty in concluding that the injury for damages as claimed did not occur ". . . by reason of any defect in any highway or other public ground, . . ."

An underground tunnel for sewer purposes, without any opening, interruption, or obstruction of the highway surface, is not a highway defect. In this instance the injury and damages were the result of a gas explosion and fire in a tunnel under the highway which was being constructed for sewer purposes. There was no defect or want of repair of the highway that in any way caused this accident; nor were any other "public grounds" involved.

The city contends that even if the accident was not caused by a defect in the highway or other public

grounds, the statutory phrase in sec. 81.17, Stats., "or from any other cause," is broad enough to include the injuries claimed by the plaintiff.

Prior to our decision in *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N. W. 2d 618, the doctrine of governmental immunity barred tort claims against municipalities arising out of the performance of a governmental function. Governmental immunity from tort claims was a court-made rule adopted by this court in *Hayes v. Oshkosh* (1873), 33 Wis. 314, 318, 14 Am. Rep. 760.[2] The harshness of this rule was tempered by several exceptions either by court decision or statutory direction. One of the areas where the legislature determined there should be an exception to governmental immunity was for injuries suffered because of highway defects.

Sec. 81.15, Stats., was enacted to permit limited recovery for injuries because of highway defects by reason of insufficiency or want of repair. We believe, as the trial court did, that sec. 81.17, relied upon by the city, which is designated a procedural statute dealing with highway defects, must be read in conjunction with sec. 81.15.

If the phrase "or from any other cause," taken from sec. 81.17, Stats., is applied in conjunction with sec. 81.15, then it is limited to damages arising from highway defects. This we believe is the proper construction. To literally construe the phrase as contended by the city would, for most purposes, nullify our ruling in *Holytz, supra.*

Consistent with the obvious purpose of *Holytz* to abrogate municipal immunity to liability to tort claims, we believe sec. 81.17, Stats., should be limited to highway defects, including defects in sidewalks or obstructions in the highway or sidewalk. Therefore it is our opinion that sec. 81.17 does not apply to a tunnel dug under the street

---

[2] *See: Holytz v. Milwaukee, supra.*

for purposes unrelated to the street and not to this case where the plaintiff was injured not on the street nor by a defect in the street but by an explosion and fire in a tunnel under the street and unrelated to street or highway purposes.

The city also contends that there is no common-law liability because it owed no duty to the plaintiff to inspect or supervise the construction of its own tunnel by Grange.

In *Holytz v. Milwaukee, supra,* this court abrogated the immunity of municipalities for their negligent acts, whether done by omission or commission. The holding of the court was not retroactive and did not apply to torts occurring before July 15, 1962. The court further stated that the decision was not to be interpreted as "imposing liability on a governmental body in the exercise of its legislative or judicial or quasi-legislative or quasi-judicial functions." However, it did state, "Perhaps clarity will be afforded by our expression that henceforward, so far as governmental responsibility for torts is concerned, the rule is liability—the exception is immunity."

In *Hennington v. Valuch* (1963), 19 Wis. 2d 260, 120 N. W. 2d 44, the plaintiff had entered into a contract whereby the defendant was to do certain plumbing and sewerage work on real estate owned by the plaintiff. The work done by the defendant was under the supervision and inspection of the city of Milwaukee. The plaintiff alleged that the defendant had not made the sewer connection in a workmanlike manner (the connection was made to an abandoned sewer) and as a result the plaintiff's real estate became flooded at times because of a backup in the sewer system.

The defendant moved to implead the city of Milwaukee, which motion was granted by the trial court. In its cross complaint the defendant asked that if judgment were

entered against it then the defendant should have judgment against the city.

This court held that the cross complaint alleged a cause of action against the city because of improper and negligent supervision by the city. *Hennington v. Valuch, supra,* page 264. We then held the defense of governmental immunity was available to the city because the tort had occurred before July 15, 1962, and therefore that *Holytz, supra,* did not apply to the case.

*Firkus v. Rombalski* (1964), 25 Wis. 2d 352, 130 N. W. 2d 835, applied *Holytz* and held that even though there was legislative discretion vested in the municipality as to whether to erect a stop sign at a given intersection when it decided to erect the sign, it had the duty to use reasonable care to maintain it.[3]

Here the cross complaint alleges that the city undertook to oversee, inspect and approve the construction work and negligently did so, which negligence resulted in an explosion and fire with resultant injury to Phillip Armour, the plaintiff in this action.

In this action Phillip Armour was working as an employee of Grange, the company constructing the sewer. In *Hennington,* the original plaintiff was a third-party landowner whose property was flooded because of the wrongly connected sewer. This difference in position should not differentiate the two cases so that in *Hennington* the plaintiff could have collected against the city except for *Holytz,* and in this case the plaintiff would have no recourse because he was an employee of the construction company working on the sewer. Both plaintiffs were allegedly innocent parties who suffered as a result of the city's negligence.

[3] *Also see: Dusek v. Pierce County* (1969), 42 Wis. 2d 498, 167 N. W. 2d 246, and *American Mut. Liability Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1970), 48 Wis. 2d 305, 179 N. W. 2d 864.

In *Frew v. Dupons Construction Co.* (1968), 37 Wis. 2d 676, 155 N. W. 2d 595, the defendant Dupons Construction had entered into a contract with the defendant-appellant city of Kenosha for the construction of a new sanitary sewer system. In the course of construction, Dupons dug a sewer lateral from the main to a building owned by the plaintiffs. A gas line lateral became exposed in the digging. Somewhat later a parking meter in the street, undermined by the digging, fell into the sewer lateral trench and struck the gas line lateral. A gas valve was damaged thereby resulting in a gas leak. Both Dupons and the city of Kenosha's inspector (Bailey) knew of the escaping gas. Bailey told a Dupons' foreman to tape the valve, underpin the gas line, and backfill the sewer lateral trench. Later an explosion occurred, injuring the building owned by the plaintiffs.

The plaintiffs brought an action against Dupons, the city of Kenosha, and the Wisconsin Natural Gas Company. The city of Kenosha moved for summary judgment to dismiss it from the action. The motion was denied by the trial court.

This court held that the trial court properly denied the motion for summary judgment, stating at page 689:

"The questions of Bailey's negligence, causation, and the scope of Bailey's employment are issues of fact to be determined at trial. The alleged negligence of Dupons and the gas company, if found, and the causal effect are factual issues that must likewise await a finding at trial. The decision on the liability on the part of the city, if any, to the plaintiffs and between the defendants must await a resolution of the facts."

Similarly, the facts in this case raise factual issues about the city's negligence which must be resolved at trial.

Appellant city of Milwaukee cites a series of cases from other jurisdictions concerning a cause of action,

but these cases are inapposite in view of *Hennington* and *Frew*.[4]

The city, the third-party defendant, also contends that because the gas company did not file a claim against the city under sec. 62.25 (1) (a), Stats., the company is precluded from asserting the claim in this action.

In *Hennington v. Valuch, supra,* at page 262, this court rejected a contention by the impleaded third-party defendant city of Milwaukee that the defendant was barred from bringing an action for contribution against the city because the defendant had not filed a claim against the city under sec. 62.25 (1) (a), Stats.[5] *Hennington* is comparable to the present case, and the city's contention is accordingly rejected. *See also: Madison v. Frank Lloyd Wright Foundation* (1963), 20 Wis. 2d 361, 381, 122 N. W. 2d 409; *Frew v. Dupons Construction Co., supra.*

Also, the fact that plaintiff asked for $30,000 does not invalidate the gas company's claim even though the maximum liability of the city under sec. 895.43, Stats., is $25,000. *Schwartz v. Milwaukee* (1969), 43 Wis. 2d 119, 168 N. W. 2d 107.

*By the Court.*—Order affirmed.

---

[4] Nor does *Weis v. A. T. Hipke & Sons, Inc.* (1955), 271 Wis. 140, 72 N. W. 2d 715, apply because of its reliance on sec. 81.17, Stats.

[5] "No action shall be maintained against a city upon a claim of any kind until the claimant shall first present his claim to the council and it is disallowed in whole or in part. Failure of the council to pass upon the claim within 90 days after presentation is a disallowance."