[No. 42432. En Banc. November 29, 1973.]

DOLORES J. THOMAS, *Plaintiff*, v. THOMAS PRZBYLSKI *et al.*, *Petitioners*, THE CITY OF PUYALLUP, *Respondent*.

*Williams, Lanza, Kastner & Gibbs, Robert I. Stier* and *Don Mohlman,* for petitioners.

*Johnson & Gierke, Edwin R. Johnson* and *Bradford Gierke,* for respondent.

*Dan Sullivan,* amicus curiae.

BRACHTENBACH, J.—This case, one of first impression in Washington, presents a single issue: Must a defendant who joins a municipal corporation as a third-party defendant, seeking contribution or indemnification, comply with the claim statute, RCW 35.31, *before* he has made a payment to plaintiff or had judgment rendered against him. Our answer is No.

Whether a claim is against a charter city or a noncharter city or town, a claimant is required to file a claim within 120 days from the date "that the damage occurred or the injury was sustained."[1]

An accident on March 17, 1971, led to a suit for personal injury damages being commenced on August 7, 1971, more than 120 days after the injury. Following depositions, the defendant joined the City of Puyallup, alleging the city's failure to provide adequate lighting, crosswalks, warning signs or safe means of ingress and egress. Defendant sought recovery from the city of any moneys paid in settlement or by judgment. The trial court granted the city's motion to dismiss for failure to have filed a claim under RCW 35.31.

A limited number of cases in other states has considered the issue. *See* Annot., *Claim for contribution or indemnification from another tortfeasor as within provisions of statute or ordinance requiring notice of claim against municipality*, 93 A.L.R.2d 1378 (1964). Those cases which hold that there need be no claim filed within the statutory time from the original event generally view the claim for contribution or indemnification as inchoate or contingent until there is payment by or judgment against the one seeking

---

[1]With reference to charter cities, RCW 35.31.020 provides in part that: "All claims for damages against a charter city shall be filed within one hundred and twenty days from the date that the damage occurred or the injury was sustained . . ."

Noncharter cities and towns are covered by RCW 35.31.040:

"All claims for damages against noncharter cities and towns must be presented to the city or town council and filed with the city or town clerk within one hundred and twenty days from the date that the damage occurred or the injury was sustained . . ."

contribution or indemnification. *Cotham v. Board of County Comm'rs*, 260 Md. 556, 273 A.2d 115 (1971); *Roehrig v. Louisville*, 454 S.W.2d 703 (Ky. 1970); *Armour v. Wisconsin Gas Co.*, 54 Wis. 2d 302, 195 N.W.2d 620 (1972); *Minneapolis, St. P. & S. Ste. M.R.R. v. Fond Du Lac*, 297 F.2d 583 (7th Cir. 1961).

There are sound reasons for such a result. First, if the claims limitation time runs from the original event, the plaintiff can deny the defendant's potential right of contribution or indemnification by waiting more than 120 days to bring his action. Second, it would be impossible for the claimant who is not yet sued to describe the injury or the damages as required by RCW 35.31.040. Prior to suit, the defendant is not even certain that he will be sued; nor is he aware of the damages claimed against him.

We hold that within the meaning of the statute neither damage has occurred nor injury been sustained until the defendant has made payment to plaintiff or had a judgment rendered against him. At that time the 120-day limitation period begins to run. No issue has been raised as to the existence of the right of contribution or indemnification under the pleadings herein and we express no opinion thereon.

The judgment of the trial court dismissing the City of Puyallup is reversed and the cause remanded.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.