**WALDINGER COMPANY, Plaintiff,**

v.

**P & Z COMPANY, INC., et al., a corporation, Defendants.**

**P & Z COMPANY, INC., a corporation, and City of Omaha, Nebraska, a Municipal Corporation, Third Party Plaintiffs,**

v.

**HAWKINS CONSTRUCTION COMPANY et al., Third Party Defendants.**

Civ. No. 76-0-19.

United States District Court, D. Nebraska.

May 27, 1976.

Kent N. Whinnery, Omaha, Neb., for defendant and third party plaintiff.

John R. Douglas, Omaha, Neb., for third party defendant.

DENNEY, District Judge.

This matter comes before the Court upon the motion of third party defendant, Omaha-Douglas Public Building Commission, to dismiss the third party complaint brought by the City of Omaha [Filing # 35].

Plaintiff, Waldinger Company, Inc., instituted this action on January 16, 1976,

against P & Z Company, Inc., Metropolitan Utilities District of Omaha, and City of Omaha, alleging negligence proximately resulting in the collapse of a slurry trench wall which surrounded the Omaha-Douglas Civic Center. On May 3, 1976, defendant, City of Omaha, filed its third party complaint against Hawkins Construction Company, Leo A. Daly Company and Omaha-Douglas Public Commission [hereinafter referred to as the Commission] for indemnification or contribution. Thereafter, the Commission submitted its motion to dismiss the third party complaint for failure to file a tort claim pursuant to the Political Subdivision Tort Claims Act, Neb.Rev.Stat. § 23–2401 et seq. (1974). The Commission argues that any claims not filed within one year of the injury are extinguished.

■ In this diversity case, the Court is, of course, bound to apply the substantive law of the State of Nebraska. However, the Supreme Court of Nebraska has not passed upon the issue of whether a claim among joint tort feasors for indemnification or contribution is within the purview of the Tort Claims Act. The Court is therefore bound to apply the rule that it believes the courts of Nebraska would apply if presented with the issue.

Neb.Rev.Stat. § 23–2416(1) (Cum.Supp. 1974) provides in relevant part that "[e]very claim against a political subdivision permitted under this act shall be forever barred, unless within one year after such claim accrued, the claim is made in writing to the governing body." Section 23–2401 provides in relevant part "that no political subdivision of the State of Nebraska shall be liable for the torts of its officers, agents, or employees, and that no suit shall be maintained against such political subdivision on any tort claim except to the extent, and only to the extent, provided by this act."

■ Faced with similar statutes, the majority of courts have held that claims for indemnification and contribution from a political subdivision need not be filed pursuant to a tort claim act. See. e. g., Corning Glass Works v. Puerto Rico Water Resources Authority, Inc., 396 F.2d 421, 424 (1st Cir. 1968); Minneapolis, St. Paul and Sault St. Marie Railway Company v. City of Fond du Lac, 297 F.2d 583, 585 (7th Cir. 1961); Keleket X–Ray Corp. v. United States, 107 U.S.App.D.C. 138, 275 F.2d 167 (1960); Albert V. Dietz, 283 F.Supp. 854, 857, 858 (D.C.Hawaii 1968); Globig v. Greene & Gust Co., 184 F.Supp. 530, 533, 534 (E.D.Wis.1960); Olsen v. Jones, 209 N.W.2d 64 (D.Iowa 1973); Thomas v. Przbylski, 83 Wash.2d 118, 516 P.2d 207 (1973); and Armour v. Wisconsin Gas Co., 54 Wis.2d 302, 195 N.W.2d 620 (1972). These decisions are based on sound equitable principles. Contribution and indemnification are inchoate rights which do not arise until one tort feasor has paid more than his share of the damages or judgment. A plaintiff may sue one tort feasor or he may join all tort feasors in one suit. He may also wait more than a year to file his suit. To accept the Commission's argument that the claim for contribution or indemnification arises when the injury is incurred would allow plaintiff to choose which defendant would bear the burden by simply filing his lawsuit after the one year statute of limitations has run. The defendant joint tort feasor, having no prior knowledge of a claim, would be unable to file a claim prior to being joined in the lawsuit.

■ The express language of the statute requires a claim to be filed within one year after the "claim has accrued." Section 23–2416(1) (Cum.Supp.1974). This statutory language could be interpreted to require the filing of a claim by a joint tort feasor after he has paid the judgment, since this is the time the claim accrues. This result was reached by the Supreme Court of Washington in Thomas v. Przbylski, supra. Although the result is supported by the express language of the statute, the imposition of a statute of limitations after judgment is rendered would serve no useful purpose and would merely frustrate the desirable goal of trying a case in one lawsuit, as well as discourage out-of-court settlements. In consideration of the arguments on both sides of this close question of first impression, this Court is of the opinion that the Supreme Court of Nebraska would

hold that claims for contribution and indemnification are not within the meaning and intent of the Nebraska Political Subdivision Tort Claims Act. To hold that the claim arises from the occurrence of the injury is contrary to the express language of the statute, and to impose a statute of limitations for filing a claim with the political subdivision which runs after judgment in favor of one tort feasor would lead to an illogical result with no legitimate purpose to be served. The political subdivision has notice of the claim when it is served with a third party complaint, far in advance of time of judgment when literal application of the statute would require notice.

The Commission has not raised any issues as to the existence of the right to contribution or indemnification under the pleadings and the Court expresses no opinion thereon. Nor does the Court pass upon other matters raised in the motion but not briefed. *See* Rule 20, Rules of Practice of the United States District Court for the District of Nebraska.

IT IS THEREFORE ORDERED that the motion of third party defendant, Omaha-Douglas Public Commission, to dismiss is denied.