Charolette WHEELER, Administratrix of the Estate of John M. Wheeler, deceased, Plaintiff,

v.

BURLINGTON NORTHERN, INC., a corporation, Defendant & Third-Party Plaintiff,

v.

Bruce S. HINCKLEY, M.D.; Michael Boyer, M.D.; Larry King, CRNA; K.F. Sauer, M.D.; Judy Brewer, R.N.; Don Lalli; Warren Ballard; David Mullins; Deanna Wiley; D. Riley, L.P.N.; L. Hodges, R.N.; Bruce Hinckley, M.D., Inc., and McAlester Regional Health Center Authority d/b/a McAlester Regional Hospital and McAlester Bone and Joint Clinic, Inc., Third-Party Defendants.

No. 81–478–C.

United States District Court, E.D. Oklahoma.

Sept. 14, 1983.

Russell Uselton and Richard Gossett, Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, McAlester, Okl., for plaintiff.

Grey W. Satterfield and Scott Ray, Oklahoma City, Okl., for defendant and third-party plaintiff Burlington.

Joseph Glass, Tulsa, Okl., for King, Hinckley, Hinckley, Inc., Sauer, McAlester Bone and Boyer.

John R. Paul, Tulsa, Okl., for Hinckley, Hinckley, Inc., Sauer and McAlester Bone and Joint.

Russell Holloway and Scott Johnson, Oklahoma City, Okl., for Wiley, Ballard, Brewer, Mullins, Hodges, Riley and McAlester Reg. Hosp.

## ORDER DENYING MOTION OF DEFENDANTS McALESTER REGIONAL HOSPITAL, JUDY BREWER, WARREN BALLARD, DAVID MULLINS, DEANNA WILEY, D. RILEY, AND L. HODGES TO DISMISS

SEAY, Chief Judge.

In this case of first impression the question presented is whether noncompliance with the notice provisions of the Oklahoma Political Subdivision Tort Claims Act bars a claim for contribution in a third-party proceeding. The court holds that noncompliance with the statute is not a bar under the circumstances of this case.

The plaintiff brought action against defendant Burlington Northern, Inc., claiming jurisdiction by virtue of the Federal Employer's Liability Act, 45 U.S.C. § 51 *et seq.* Plaintiff's amended complaint alleges that her husband received work-related injuries on March 10, 1981, and as a result thereof

he was required to undergo surgery at McAlester Regional Hospital on October 5, 1982. Plaintiff's husband subsequently died on January 2, 1983. Plaintiff filed an amended complaint on March 22, 1983, naming Burlington Northern as the defendant solely responsible for the decedent's injuries and subsequent death. On May 5, 1983, Burlington Northern filed a third-party complaint against McAlester Regional Hospital and various employees thereof. Burlington's complaint alleges medical negligence on the part of the third-party defendants, and seeks contribution from the alleged subsequent tortfeasors for the entire or partial amount of any judgment that may be rendered against Burlington. The third-party defendants now move this court to dismiss the complaint of Burlington because of its failure to comply with the notice provisions of the Oklahoma Political Subdivision Tort Claims Act, 51 O.S. § 151 et seq.

Third-party defendants contend that the Tort Claims Act contains two prerequisites to the maintenance of a tort action against a political subdivision: (1) That written notice of the claim be given to the political subdivision, and (2) That the claim be denied. Third-party defendants contend that no notice was given and that Burlington's claim is forever barred.

51 O.S. § 156 provides:

A. Any person having a claim against a political subdivision or an employee within the scope of this act shall petition the political subdivision for any appropriate relief including the award of money damages.

B. A claim against a political subdivision or employee shall be forever barred unless notice thereof is filed with the clerk of the governing body of the political subdivision within one hundred twenty (120) days after the loss occurs.

The Oklahoma Supreme Court has absolutely stated that the above notice provisions of the Tort Claims Act must be complied with prior to filing suit. *See Doshia Lou Graves v. Willard Rose Independent School District No. 80,* 663 P.2d 733 (Okl.

1983); *Horinek v. Board of County Commissioners of Kay County,* 667 P.2d 479 (Okl. App.1983). The Oklahoma court, however, has never ruled directly on the applicability of the Act's notice provisions to third-party actions for contribution.

A consideration of the statute, both its language and the purposes to be served, convinces the court that the statute is intended to be operative only in actions brought by the injured party to collect damages from the governmental subdivision involved. Any other result would lead to impractical and illogical consequences. *See, e.g., Waldinger Company v. P & Z Company, Inc.,* 414 F.Supp. 59, 60–61, (D.Neb. 1976); *Albert v. Dietz,* 283 F.Supp. 854, 856–57 (D.Haw.1968); *Thomas v. Przbylski,* 83 Wash.2d 118, 516 P.2d 207, 208 (1973).

First, the claim's limitation time runs from the original event, the plaintiff could deny the defendant's potential right of contribution by waiting more than the 120 days to bring his action. Second, it would be impossible for the claimant who is not yet sued to describe the injury or the damages as required by the statute. Prior to the suit, the defendant is not even certain that he can be sued; nor is he aware of the damages claimed against him. 516 P.2d 207, *supra,* at 208. It is inconceivable that the legislature should purport to grant the valuable right of contribution but, for all practical purposes, place it within the power of the original plaintiff to decide whether or not it could be exercised.

The right of contribution arises at the time of the concurring or subsequent negligent acts. Until one of the tortfeasors pays more than his proportionate share of the underlying claim, the right remains contingent, subordinate and inchoate. When a tortfeasor pays more than his proportionate share, the right ripens into a cause of action. *Minneapolis, St. P. & S.S.M.R. Co. v. City of Fond Du Lac,* 297 F.2d 583 (7th Cir.1961).

Accordingly, the court holds that defendant's failure to comply with the notice provision of the Tort Claims Act is not a bar to its third-party action for contribution.

Additionally, the court holds that defendant is not required to suffer judgment and then present its claim for contribution. The presence of third-party defendants is necessary in order to completely adjudicate the rights of the parties and to avoid two trials. This is the spirit and purpose of Rule 14(a), *Fed.R.Civ.P.* "In that manner it can be determined whether there is common liability, and if so, the finding as to damages will be binding upon the third-party defendant." 297 F.2d 583, *supra* at 586.

Accordingly, third-party defendants' motion to dismiss is denied.