[No. 52082–8.   En Banc.   June 26, 1986.]

ELIZABETH SMITH, *Plaintiff*, v. RICHARD PAUL JACKSON, ET AL, *Appellants*, MARIAN SHARP SMITH, ET AL, *Respondents*.

*Richard J. Jensen* and *Michael Swanson,* for appellant Jackson.

*Albertson & Smith* and *Douglas K. Smith,* for respondents Smith.

*William H. Griffies, Prosecuting Attorney,* and *Douglas W. Vanscoy, Deputy,* for respondent Pierce County.

DORE, J.—This case presents the issue of whether a defendant in a tort action can maintain an action for contribution against other joint and several tortfeasors after the statute of limitation on the original claim has run. We hold he can pursuant to RCW 4.22, and therefore reverse the trial court's summary judgment order dismissing this contribution action.

## FACTS

On February 24, 1979, a car driven by Marian Smith collided with a car driven by Richard Jackson. Marian's daughter, Elizabeth, and mother, Mabel Sharp, were injured in the crash and Marian's father was killed. On February 19, 1982, just 5 days before the statute of limitation ran, Elizabeth brought a suit against Jackson. On March 30, 1982, Jackson answered the complaint brought by Elizabeth and brought a third party complaint against Marian (Elizabeth's mother) as the driver of the other automobile.

The original action between Elizabeth and Jackson was eventually settled on March 11, 1983, for $62,500. The Pierce County trial court ruled that the amount of settlement was reasonable, and also, specifically held that Jackson's right of contribution, if any existed, was preserved. Jackson proceeded to prepare his case against Marian, with the intent to receive contribution for some of the $62,500 he had paid Marian's daughter.

During this preparation, both Marian and Jackson became aware that one of the factors causing their accident may have been the defective design of the road. This was possible as the accident occurred when Marian made a left

turn in front of Jackson, but because of a dip in the road, she could not see his car approaching until immediately before the collision. Therefore, both Marian and Jackson filed third party complaints against Pierce County on June 21, 1983, and July 27, 1983. These complaints were within 1 year of the date of the original settlement.

Pierce County moved for summary judgment on the grounds that the statute of limitation had run on the original action which Elizabeth could have brought against the County. The County reasoned that as it could not be liable to the plaintiff, it did not have to contribute to the other tortfeasors. The trial court granted the County's motion. Subsequently, Marian also brought a summary judgment motion against Jackson, also claiming that the statute of limitation had run when she was brought in as third party defendant in Jackson's contribution action. This was also granted. Jackson appealed those decisions to the Court of Appeals which were subsequently transferred here.

## ANALYSIS

The right of contribution has been established in the state of Washington by statute. RCW 4.22.040 states:

(1) A right of contribution exists between or among two or more persons who are jointly and severally liable upon the same indivisible claim for the same injury, death or harm, whether or not judgment has been recovered against all or any of them. It may be enforced either in the original action or by a separate action brought for that purpose . . .

(2) Contribution is available to a person who enters into a settlement with a claimant only (a) if the liability of the person against whom contribution is sought has been extinguished by the settlement . . .

This statute has retroactive effect in this action as no trial has yet occurred. RCW 4.22.920.

The County and Marian have argued that this statute does not apply to them because the original statute of limitation had run prior to Jackson's filing third party complaints against them. The County and Marian reasoned

that once the statute of limitation ran, they could not be liable to the plaintiff, and therefore, they were not "jointly and severally liable upon the same indivisible claim for the same injury . . ." RCW 4.22.040. The trial court agreed with this contention, based in part on this court's decision in *Glass v. Stahl Specialty Co.,* 97 Wn.2d 880, 652 P.2d 948 (1982).

In *Glass,* we held that a manufacturer of a machine which tortiously injured an employee covered by workers' compensation could not bring an action for contribution against the employer. We reasoned that because of the workers' compensation act, the employer was immunized from liability for the injuries to the employee. Therefore, since no liability could exist between the plaintiff and the third party defendant, no contribution right in favor of the manufacturer would arise. *Glass,* at 887.

The trial court in this case read our holding in *Glass* for two propositions. First, RCW 4.22.040(1) does not create an independent cause of action between the defendant and the third party defendant. This is correct as otherwise in *Glass* we would not have allowed the third party employer to use the workers' compensation system as a means of immunizing himself from a separate contribution claim by the manufacturer.

The second proposition on which the trial judge relied is clearly incorrect. The judge stated that he believed "that if the initial claim is barred by the statute of limitations there is no right of contribution between these defendants . . ." Verbatim Report of Proceedings, at 5. The effect of this ruling would be to allow the plaintiff to pick and choose among joint tortfeasors to determine which defendants should bear the entire loss without contribution.

Such a result would be unfair and against the policies of both RCW 4.22 and CR 14(a) (joinder of parties) when considering whether Jackson's claim against Marian should be allowed. Elizabeth's complaint was filed before the settlement occurred, just 5 days before the statute of limitation ran. As a result Jackson could not have timely

filed his complaint against Marian. To allow a plaintiff in a case such as this the right to recover from one joint tortfeasor and, at the same time, preclude any contribution from another joint tortfeasor because of some special relationship is neither fair nor reasonable. *See* Comment, *Contribution Among Tort–Feasors in Washington: The 1981 Tort Reform Act*, 57 Wash. L. Rev. 479, 492 n.76 (1982). CR 14(a) which allows for joinder in cases of multiple tortfeasors would be effectively thwarted.

Furthermore, the overwhelming majority of jurisdictions have held that a named defendant may bring a contribution action against a third party, even if the statute of limitation would have precluded a direct suit between the plaintiff and the third party. *See* Annot., *When Statute of Limitations Commences To Run Against Claim for Contribution or Indemnity Based on Tort*, 57 A.L.R.3d 867 (1967). The rule, well described by the California Supreme Court in *People ex rel. Dep't of Transp. v. Superior Court*, 26 Cal. 3d 744, 748, 608 P.2d 673, 676, 163 Cal. Rptr. 585 (1980) states:

> the governing authorities, both in California and throughout the country, uniformly hold that a tort defendant's equitable indemnity action is separate and distinct from the plaintiff's tort action. The indemnity action, unlike the plaintiff's claim, does not accrue for statute of limitations purposes when the original accident occurs, but instead accrues at the time that the tort defendant pays a judgment or settlement as to which he is entitled to indemnity.

It is worth noting that in that case, the statute of limitation had run 4 years earlier, and the court still allowed an action for contribution.

This court has also supported this general rule. In *Thomas v. Przbylski*, 83 Wn.2d 118, 516 P.2d 207 (1973), this court allowed the defendants in a personal injury accident to implead the third party City of Puyallup even though the municipal claims filing time period (120 days to file a claim) had run. This court viewed the third party claim against the City as "inchoate or contingent until

there is payment by or judgment against the one seeking contribution or indemnification." *Thomas*, at 119–20.

A holding allowing for contribution would be in accordance with the purposes of RCW 4.22 for a number of reasons. First, RCW 4.22.050(3)[1] by its plain language, allows for contribution actions until 1 year after the date of payment by one tortfeasor. Conceptually the right to contribution is only needed when actual liability on the part of the defendant arises. Before the defendant is found liable, he or she has no reason to pursue other potential joint tortfeasors. The legislative history of the bill further indicates this is the proper interpretation:

> The Committee believes that with the creation of the right to contribution a party defendant will be able to join another party who may be liable for contribution in the original action under current Civil Rule 14, relating to third party practice. *This means that a defendant will not be bound by the plaintiff's choice of defendants.*
> . . .
>
> . . .
> . . . All that is required to start an action for contribution is that the party must allege that he has paid more than his proportionate share of the fault. The party seeking contribution must have either discharged the common liability within the statute of limitations and commenced an action for contribution within one year of that payment, *or have agreed while the action was pending to discharge that liability and within one year both paid the claimant and commenced this action for contribution.*

(Italics ours.) Senate Journal, 47th Legislature (1981), at

---

[1]RCW 4.22.050(3) provides:

"If a judgment has been rendered, the action for contribution must be commenced within one year after the judgment becomes final. If no judgment has been rendered, the person bringing the action for contribution either must have (a) discharged by payment the common liability within the period of the statute of limitations applicable to the claimant's right of action against him and commenced the action for contribution within one year after payment, or (b) agreed while the action was pending to discharge the common liability and, within one year after the agreement, have paid the liability and commenced an action for contribution."

636. This language expressly allows for contribution after the original statute of limitation has run as long as the original claim was timely filed. All that is required to maintain a contribution action is that it is brought within 1 year of settlement of a pending cause of action.

Therefore, according to this interpretation the defendant should have been able to file complaints against both Marian and Pierce County. Pursuant to RCW 4.22.050(3) the defendant must have agreed to discharge common liability while the action against him was pending and he must commence actions of contribution within 1 year. In this case, both these requirements were clearly met.

CONCLUSION

We reverse the trial court and allow the defendant to sue for contribution against Marian and the County. This result fulfills the purpose of RCW 4.22 and prevents a plaintiff, because of a special relationship with one tortfeasor, from using the statute of limitation as a device for insulating this tortfeasor from his or her proportional share of the damages.

DOLLIVER, C.J., UTTER, PEARSON, CALLOW, and GOODLOE, JJ., and CUNNINGHAM, J. Pro Tem., concur.

ANDERSEN and DURHAM, JJ., concur in the result.

Reconsideration denied September 9, 1986.